```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FDIC,                                                           REPORT AND
                                     Plaintiff,                 RECOMMENDATION
                - against -
MICHAEL HODGE, et al.,                                          09-CV-3234 (CBA) (JO)
                                     Defendants.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

Plaintiff the Federal Deposit Insurance Corporation (the "FDIC"), as Receiver for AmTrust Bank ("AmTrust"), brings this action against defendant George Alderdice ("Alderdice") and numerous other individuals and entities for claims arising out of an alleged scheme to defraud AmTrust out of millions of dollars through a series of fraudulent mortgage loans. The FDIC has moved for a default judgment against Alderdice on the ground that he has failed to participate in discovery and to appear at numerous court-ordered conferences in this case. Upon a referral from the Honorable Carol Bagley Amon, Chief United States District Judge, I now make this report and, for the reasons that follow, respectfully recommend that the court enter a default judgment against Alderdice on Counts 5 and 7 in the Complaint, and dismiss Count 16 against Alderdice *sua sponte*. I further recommend that the court defer a determination of damages until after the FDIC's claims against other answering defendants have been resolved through adversarial litigation.

I.    Background

AmTrust filed the original Complaint in this action on July 28, 2009. Alderdice answered on October 15, 2009. DE 62. On December 4, 2009, the Office of Thrift Supervision closed AmTrust and appointed the FDIC as its receiver; as a result, the court granted the FDIC's motion to serve as a substitute plaintiff. *See* DE 116 at 1; Order dated January 7, 2010.

On June 23, 2010, the FDIC served discovery requests on Alderdice, but he never responded either to the requests themselves or to several attempts by the FDIC to contact his counsel. Finally, on September 13, 2010, Alderdice's attorney informed the FDIC that he would be withdrawing from the action, and that Alderdice, himself an attorney admitted in New York, intended to represent himself – an intention Alderdice confirmed in a letter to the court on October 25, 2010. DE 141 (letter motion to compel) at 1; DE 143. Alderdice has not participated in this litigation since filing that letter.

On November 16, 2010, at a conference at which Alderdice failed to appear, Alderdice's former counsel reported that he had been unable to reach Alderdice despite several attempts. *See* Minute Entry dated November 16, 2010. Alderdice failed to comply with a court order, sent directly to him via the court's Electronic Case Filing system ("ECF"), requiring him to respond to the FDIC's outstanding motion. *Id.* As of January 28, 2011, Alderdice remained unresponsive to the FDIC's efforts to secure his compliance with its discovery requests. DE 146; DE 147.

On February 22, 2011, Alderdice's co-defendant Morningstar Abstract, LLC ("Morningstar") also filed a motion to compel Alderdice to respond to its own discovery requests. DE 148. Alderdice failed to respond, and did not appear at court conferences on the February 24, 2011, and April 6, 2011. At the first of those conferences, Alderdice's former counsel intimated that an undisclosed medical and/or psychological condition may have been preventing Alderdice's furtherance of the action and payment of outstanding legal bills. *See* Minute Entry dated February 24, 2010. In addition to that attorney's fruitless attempts to communicate with Alderdice, the court itself made attempts to do so, by contacting the address and telephone number Alderdice had listed as his business address in his October 25, 2010 letter; by sending mail to the address Alderdice had

used to register as a member of the New York bar; and by conducting internet searches for both his places of business and residence. *See* DE 154. On April 6, 2011, the court mailed a copy of the docket and the FDIC's motion to compel to an address in Manhasset, New York, which, while owned by an individual named Robert Alderdice, appeared to be inhabited by Defendant Alderdice as well. *See id.*; Docket Entry of April 6, 2011.

On May 6, 2011, the court issued a written order which granted the FDIC's and Morningstar's motions to compel and directed the FDIC to file a motion for default judgment against Alderdice within 30 days. DE 154. The court sent a copy of the docket and the order to Alderdice's address in Manhasset via overnight delivery service; the package was delivered the following day and was signed for by "G. Alderdice." *See* Docket Entry dated May 6, 2011.[1] Alderdice never responded to any of the court's efforts to contact him, and the FDIC filed the instant motion for a default judgment on June 16, 2011. DE 166. Chief Judge Amon referred the motion to the magistrate judge to whom the case was previously assigned by order dated June 15, 2011. The case was reassigned to me on December 9, 2011. Alderdice has not responded to the motion.

II.   Discussion

    A.   Default

Rule 37 of the Federal Rules of Civil Procedure provides a range of sanctions for failure to comply with discovery orders including, *inter alia*, rendering a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(vi). "Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed." *2W Product Corp. v. Y&P Wholesale, Inc. et al.*, 2009 WL 29311, at *3 (E.D.N.Y. Jan. 5, 2009) (quoting *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 853 (2d

---

[1] The tracking numbers for the mailings to Alderdice do not appear on the public docket, but are maintained among the court's records.

Cir. 1995)). Rule 37 authorizes default for noncompliance where it is established that a party's failure to comply is due to willfulness, bad faith, or any fault, including gross negligence. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994); *Cine Forty-Second St. Theater Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979). Among the factors to be considered when imposing sanctions are: (1) the party's history of noncompliance; (2) the effectiveness of lesser sanctions; (3) whether a warning had been issued regarding imposition of sanctions; and (4) whether imposing lesser sanctions would prejudice the moving party. *See 2W Product Corp.,* 2009 WL 29311, at *3 (citing *Stirrat v. Ace Audio/Visual, Inc.*, 2004 WL 2212096, at *2 (E.D.N.Y. Sept. 24, 2004). No one factor is dispositive. *Id.*

Alderdice's conduct warrants the imposition of a default judgment as a sanction for his failure to comply with discovery requests and court orders. Since answering the Complaint and responding to the FDIC's first round of discovery demands, he has not participated in any meaningful way in this litigation. Since informing the court of his intention to represent himself, Alderdice has failed to appear as required at nine court-ordered conferences. Those absences are not attributable to any lack of notice: Alderdice receives email notification of all filings in this case via ECF. In addition to boycotting court conferences, Alderdice has completely failed to discharge his discovery obligations since at least June 23, 2010, and has ignored court orders requiring him to respond to two separate motions to compel. On this record, I conclude that Alderdice has either willfully ignored this court's orders and his discovery obligations, or has at a minimum been grossly negligent. *See Cine Forty-Second St. Theater Corp.*, 602 F.2d at 1067-68 (grossly negligent behavior that impedes discovery constitutes "fault" and may justify the most severe penalties under Rule 37).

Alderdice has also had ample notice of the consequences of noncompliance: the court's order of May 6, 2010, explicitly directed the FDIC to "file a motion for default judgment against Defendant Alderdice within thirty days." DE 154 at 3. Finally, Alderdice's recalcitrance makes it clear that no sanction short of entering default will suffice to bring him into compliance with his obligations. Under the circumstances of this case, issuing further orders or imposing lesser sanctions would serve no purpose, and would prejudice the plaintiff. *See Stirrat,* 2004 WL 2212096, at *2 ("since a failure to grant dispositive relief would likely leave the case pending for an indefinite time, it is likely that some prejudice would result"). I therefore conclude that the court should strike Alderdice's Answer and find him in default.

    B.    <u>Liability</u>

Alderdice's default does no more than concede the factual allegations in the Complaint; it remains the FDIC's burden, in seeking a default judgment, to demonstrate that those uncontroverted allegations suffice to establish Alderdice's liability on each cause of action asserted against him. *See*, *e.g.*, *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Directv, Inc. v. Neznak*, 371 F. Supp. 2d 130, 132-33 (D. Conn. 2005) (denying default judgment on several claims based only on conclusory allegations which lacked a sufficient factual basis for a finding of liability); *see also Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971) (default-based liability is established by "well-pleaded allegations in a complaint"), *rev'd on other grounds*, 409 U.S. 363 (1973); *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159 (complaint's assertion of proximate cause necessary for finding of liability must be "properly alleged"); *Levesque v. Kelly Commc'ns, Inc.*, 1993 WL 22113, at *5 (S.D.N.Y. Jan. 25, 1993) ("the Court

must be satisfied initially that the allegations of the complaint are 'well-pleaded'") (citing *Hughes*, 449 F.2d at 63).

The Complaint alleges that Alderdice, along with the other defendants, engaged in a scheme whereby individual borrowers were recruited to obtain mortgage loans from AmTrust by submitting false loan applications, including fraudulently signed sales contracts and mortgage loan documents. Complaint ¶ 3. At the time those documents were executed, the purported sellers in the transactions did not actually own the properties. *Id.* ¶ 6. The borrowers used fraudulently inflated appraisals to deceive AmTrust into believing that the fair value of the properties was significantly higher than it actually was. *Id.* ¶ 8. At the same time, the purported sellers arranged to purchase the properties from the actual owners for a fraction of the price indicated on the mortgage and loan application documents that were submitted to AmTrust. *Id.* ¶ 9. The purported sellers then used portions of the AmTrust loan proceeds to purchase the properties from the original owners, and then completed "flip" transactions by re-deeding the property to the borrowers, many of whom eventually defaulted on their mortgage loans. *Id.* ¶ 10. The remaining loan proceeds were divided up between the buyers, sellers, and the other defendants who helped facilitate the fraud. *Id.* ¶¶ 10-11.

The Complaint further alleges that Alderdice represented himself to be the attorney for the sellers in fourteen of these transactions. *Id.* ¶ 5. In that capacity, Alderdice accepted forged checks, many of which were used in more than one loan transaction, and falsely represented to AmTrust that the proceeds from the checks had been placed into a segregated account to be used as earnest money deposits for the transactions. *Id.* ¶¶ 53, 144, 176-197. AmTrust relied on these misrepresentations when approving the subject loans. *Id.* ¶ 192. Alderdice also used the U.S. mail

and wire transfers to accept large sums of money obtained through the subject loans, which he then disbursed to his coconspirators after taking a portion for his own gain. *Id.* ¶¶ 144, 194.

Based upon these allegations, the Complaint asserts three causes of action against Alderdice: fraud (Count 5), conspiracy to commit fraud (Count 7), and a request for an equitable accounting (Count 16). Id. ¶¶ 5, 7, 16. The first two causes of action are plainly made out by the factual allegations in the Complaint, which establish that Alderdice, in furtherance of a corrupt agreement with the other defendants, that he misrepresented material facts to AmTrust in order to secure mortgage loans, and that AmTrust relied on those misrepresentations to its detriment. *See Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (defining four elements of fraud under New York law: "'(1) a misrepresentation or a material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury'") (quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996)); *First Capital Inv. Holdings LLC v. Wilson Capital Group, Inc.*, 2010 WL 4967833, at *2 (S.D.N.Y. Nov. 30, 2010) (defining four elements of conspiracy under New York law: "(a) a corrupt agreement between two or more persons, (b) an overt act in furtherance of the agreement, (c) the parties' intentional participation in the furtherance of a plan or purpose, and (d) the resulting damage or injury") (internal quotation omitted).[2] I therefore recommend that a default judgment be entered against Alderdice with respect to these claims.

I do not reach the same conclusion with respect to the FDIC's third cause of action against Alderdice, in which it seeks an equitable accounting. "The right to an accounting is premised upon

---

[2] Assuming that the well-pleaded complaint rule also requires the FDIC to satisfy the requirement that a party alleging fraud must state the pertinent circumstances with particularity, Fed. R. Civ. P. 9(b), I conclude that the 949-paragraph Complaint easily clears that hurdle.

the existence of a confidential or fiduciary relationship and a breach of the duty imposed by the relationship respecting property in which the party seeking the accounting has an interest." *Palazzo v. Palazzo*, 503 N.Y.S.2d 381, 384 (App. Div. 1986); *see also Corts-Auth v. Crunk, LLC*, __ F. Supp. 2d __, 2011 WL 4471928, at *15 (S.D.N.Y. Sept. 27, 2011). The Complaint does not allege the existence of a fiduciary relationship between Alderdice and AmTrust, and I therefore conclude that it does not state a well-pleaded claim for an equitable accounting. *See Corts-Auth*, 2011 WL 4471928, at *15; *Matthew Adam Properties, Inc. v. United House of Prayer*, 2010 N.Y. Misc. LEXIS 4153, at *8 (N.Y. Sup. Ct. Aug. 27, 2010) ("Since the court finds that no fiduciary relationship between the parties has been properly plead, [counterclaimants] are not entitled to an equitable accounting."). I note, moreover, that in its motion for default judgment, the FDIC seeks only an award of monetary damages, and makes no mention of equitable relief. I therefore respectfully recommend that the court deny the motion for a default judgment with respect to the accounting claim, and instead dismiss that claim *sua sponte*.

    C.    <u>Damages</u>

The FDIC requests damages for unpaid principal, interest, and late fees relating to the ten Alderdice loans that have gone into default, for a total award of $5,016,228.20. DE 166 at 4. I recommend that a determination of damages be deferred until after the FDIC's claims against the answering defendants have been resolved. "As a general rule, where … an action against several defendants charges them with joint and several liability and where fewer than all defendants are in default, the preferred practice is to defer the damages inquest until after disposition of the claims against the non-defaulting defendants." *Clement v. United Homes*, LLC, 2010 WL 4941489, at *2 (E.D.N.Y. Nov. 30, 2010); *see*, *e.g.*, *Harvey v. Home Savers Consulting Corp.*, 2008 WL 724152,

at *2-*6 (E.D.N.Y. Mar. 17, 2008); *Miele v. Greyling*, 1995 WL 217554, at *3 (S.D.N.Y. Apr. 13, 1995). Deferring the inquest on damages will "avoid possible inconsistent judgments and best serve judicial economy." *Clement*, 2010 WL 4941489, at *2 (quoting *Miele*, 1995 WL 217554, at *4).

III. Recommendation

For the reasons set forth above, I respectfully recommend that the court enter a default judgment against defendant George Alderdice on Counts 5 and 7 of the Complaint, and dismiss Count 16 against defendant Alderdice *sua sponte*. I further recommend that the court defer a determination of damages until after the plaintiff's claims against the answering defendants have been resolved.

IV. Objections

This Report and Recommendation will today be filed on the electronic docket, and is therefore deemed served as of today's date on the plaintiff and defendant Alderdice, who will receive notification of the filing by email. Any objections to this Report and Recommendation must be filed on the electronic docket no later than March 19, 2012. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
March 2, 2012

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge