UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

FDIC AS RECEIVER FOR AMTRUST BANK,

            Plaintiff,

    v.                                **MEMORDANDUM & ORDER**
                                          09-CV-3234 (MKB)

MICHAEL HODGE, et al.,

            Defendants.

----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

       AmTrust Bank ("AmTrust") filed a Complaint on July 28, 2009, against Defendant Lea Jordan and others. (Docket Entry No. 1.) On January 7, 2010, the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for AmTrust Bank, was substituted as Plaintiff. (January 7, 2010 Order.) According to the Complaint, the defendants, including Jordan, defrauded AmTrust out of millions of dollars through a series of fraudulent mortgage loans. (Docket Entry No. 1.) Defendant Jordan filed an answer to the original Complaint and asserted cross-claims against the other Defendants on July 9, 2010. (Docket Entry No. 130.) On July 31, 2012 and August 6, 2012, Plaintiff filed an Amended Complaint and a corrected Amended Complaint against Jordan and others. (Docket Entries Nos. 210 and 211.) Jordan never answered or sought to dismiss the Amended Complaint.[1] By Report and Recommendation ("R&R") dated March 27, 2013, Magistrate Judge James Orenstein recommended that the Court *sua sponte* strike Defendant

---

[1] The Court notes that Defendant Jordan's failure to respond to the Amended Complaint, on its own, would justify default. *S.E.C. v. Anticevic*, No. 05 Civ. 6991, 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009) ("Default is proper where a defendant fails to answer an amended complaint, even where the defendant has answered the original complaint." (citing *Parise v.. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987)).

Jordan's answer to the Complaint and direct the Clerk to enter her default. (Docket Entry No. 248.) Defendant Jordan did not file any objections.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

This Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Magistrate Judge Orenstein's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). The Court strikes Defendant Jordan's answer, and the Clerk of Court is directed to enter a default against Defendant Lea Jordan.

SO ORDERED:

    s/MKB
MARGO K. BRODIE
United States District Judge

Dated: Brooklyn, New York
      April 29, 2013